**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HAILEY EAGLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:26-cv-554 |
| | ) | |
| vs. | ) | |
| | ) | |
| EXPRESS SCRIPTS PHARMACY, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

Now comes Plaintiff, Hailey Eagle, by and through undersigned counsel, and for her Complaint against Defendant Express Scripts Pharmacy, Inc., states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked in excess of 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant 28 U.S.C. § 1331, as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq.*

3. The Court has personal jurisdiction over Defendant as its headquarters and principal places of business are located in Missouri.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is in this District, Defendant conducts business throughout this District, and a

1

substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

5.      At all material times, Plaintiff is and was a citizen of the United States and a resident Elyria, Ohio.

6.      At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7.      At all material times, Defendant is and was a corporation for profit with its headquarters and principal place of business located at: 1 Express Way, Saint Louis, Missouri 63121.

8.      Defendant may be served with process by serving its registered agent in the State of Missouri: C T Corporation System, 5661 Telegraph Road, Suite 4B, Saint Louis, Missouri 63129.

9.      At all material times, Defendant is and was an employer within the meaning of 29 U.S.C. § 203(d).

10.      At all material times, Defendant is and was an enterprise within the meaning of 29 U.S.C. § 203(r).

11.      At all material times, Defendant is and was an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

12.      At all material times, Plaintiff and the putative collective members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13.      Plaintiff's written consent to this action is attached hereto as Exhibit 1.

2

14.     Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

15.     Defendant is a pharmaceutical benefits company that employs patient care advisors, also referred to as patient care advocates, or customer care advocates (hereinafter "patient care advisors") across the country.

16.     Plaintiff was employed by Defendant as a patient care advisor from approximately August 2022 through December 1, 2025. Plaintiff worked for Defendant remotely from her home in Ohio.

17.     Other similarly situated current and former employees of Defendant were employed as patient care advisors or performed the same or substantially similar functions and duties as patient care advisors.

18.     Plaintiff and other similarly situated employees had the same and/or substantially similar job duties and responsibilities and were subjected to the same policies and procedures during their employment.

19.     Plaintiff and other similarly situated employees are/were non-exempt employees under the FLSA.

20.     Plaintiff and other similarly situated employees are/were paid an hourly wage.

21.     Plaintiff and other similarly situated employees were scheduled to work 40 hours per workweek.

22.     Plaintiff and other similarly situated employees were regularly scheduled to work 40 hours per workweek but regularly worked more than 40 hours per workweek.

3

**(Failure to Pay for Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

23.    Plaintiff and other similarly situated employees were required by Defendant to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, various programs and software applications, and phone system.

24.    Defendant required Plaintiff and other similarly situated employees to be logged into, and have up and running, all of their essential work-related computer and phone applications and programs prior to the start of their shift so they would be prepared to take calls as soon as their shift began, and prohibited them from clocking-in early to record their time spent performing this unpaid work.

25.    Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

26.    Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

27.    This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

28.    There is no practical administrative difficulty of recording this unpaid work of Plaintiff's and other similarly situated employees. It could be precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they started and logged into Defendant's computer systems, applications, programs, and phone system.

29.    This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

30.     Moreover, this unpaid work is an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees. They cannot perform their work without bringing up Defendant's computer systems, applications/programs, and phone system.

31.     Plaintiff estimates that she spent, on average, 15 minutes or more before her shift start time starting and logging into Defendant's computer systems, software applications, and phone system each workday, which time was in addition to the hours she was scheduled to work, and thus, in addition to the 40 or more hours per week she spent working her scheduled shifts.

32.     Plaintiff and other similarly situated employees were required to work off-the-clock before their scheduled shift start time in order to perform this unpaid work.

**(Failure to Pay for Time Spent on Post-Shift Calls, Shutting
Down Computer Systems, Applications, and Phone System)**

33.     Defendant required Plaintiff and other similarly situated employees to clock out at their shift end time and did not pay them for work they were required to perform after their shift end time.

34.     Plaintiff and other similarly situated employees were required by Defendant to perform unpaid work after their shift ended, including but not limited to completing tasks they could not complete by their scheduled shift end time, and shutting down and logging out of Defendant's computer systems, software applications, and phone system.

35.     Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

36.     Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

37.     This unpaid work performed by Plaintiff and other similarly situated employees

5

was practically ascertainable to Defendant.

38.     There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated employees.  It could have been precisely recorded for payroll purposes simply by allowing them to clock out after shutting down Defendant's computer systems, applications, and phone system and before and after other meetings and work time.

39.     This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by, and was performed for Defendant's benefit.

40.     The time Plaintiff and other similarly situated employees spent performing this unpaid work after their shift end time was in addition to the hours they were scheduled to work, and thus, in addition to the 40 or more hours per week they spent working their scheduled shifts.

41.     Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees.

42.     Plaintiff and other similarly situated employees were required to continue working off-the-clock after their scheduled shift stop time in order to perform this unpaid work.

### (Failure to Pay for Time Spent Working but not Logged In)

43.     Defendant utilized a timekeeping system such that Plaintiff and similarly situated employees were not paid for all hours worked.

44.     Defendant paid Plaintiff and other similarly situated employees only for work performed while they were completely logged into Defendant's computer systems, software applications, and phone system.

45.     Plaintiff and other similarly situated employees were not compensated for the time spent not logged into call programs or any other time spent working to log in or out of the computer

6

systems, applications, and phone system.

**(Failure to Pay Overtime Compensation)**

46.    As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

47.    The time Plaintiff and other similarly situated employees spent performing the unpaid work referenced above (including booting up/logging into Defendant's computer system, applications, and phone system, and shutting down Defendant's computer system, applications, and phone system) was in addition to the 40 or more hours they worked while clocked-in for their scheduled shift each week, and thus, constituted overtime hours worked, for which they were/are entitled to overtime compensation at a rate of one and one-half times their regular hourly pay rate.

**(Defendant Willfully Violated the FLSA)**

48.    Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

49.    Defendant knew and otherwise showed reckless disregard as to whether their conduct was prohibited by the FLSA.

50.    Defendant had/has a common practice and policy of requiring Plaintiff and other similarly situated employees to perform work while not clocked-in (including booting up/logging into Defendant's computer system, applications, and phone system, and shutting down Defendant's computer system, applications, and phone system) and not compensating them for time spent performing such work.

51.    Defendant knew that Plaintiff and other similarly situated employees were performing the unpaid work referenced above because Defendant required them to perform it,

7

supervisors observed them performing it. Instead, Defendant continued to not record or otherwise count, as "hours worked", the time Plaintiff and other similarly situated employees spent working while not logged into their call programs, and continued their practice of failing to pay Plaintiff and other similarly situated employees for time spent working while not logged into the call programs or any other time spent working to log in or out of Defendant's computer systems, applications, and phone system.

52.     Defendant, who determined the work schedules of Plaintiff and other similarly situated employees, also knew that the time Plaintiff and other similarly situated employees spent performing such unpaid work was in addition to the 40 hours or more that Defendant's scheduled them to work, and thus, knew that Plaintiff and other similarly situated employees should have been paid overtime compensation for such unpaid work.

53.     Defendant knew or should have known that its policies and practices violate the law, and Defendant did not make and has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law has carried out its illegal pattern and practice of not paying its hourly employees, including patient care advisors, for all hours worked, including time spent working while not logged into Defendant's call programs. Defendant's method of paying Plaintiff was not based on a good faith and reasonable belief that their conduct complied with the law.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

55.     The putative collective which Plaintiff seeks to represent and for whom Plaintiff

8

seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff

is herself a member, is composed of and defined as follows:

> All former and current patient care advisors, and persons with jobs
> performing substantially identical functions and/or duties to patient
> care advisors, employed by Express Scripts Pharmacy, Inc. in the
> United States at any time between three (3) years prior to the filing
> of this lawsuit and the present ("putative collective members").

56.    Plaintiff is unable to state at this time the exact size of the potential class, but upon

information and belief, avers that it consists of more than 1,000 persons.

57.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §

216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and

costs under the FLSA. In addition to Plaintiff, numerous current and former employees are

similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff

is representative of those other employees and is acting on behalf of their interests as well as her

own in bringing this action.

58.    These similarly situated employees are known to Defendant and are readily

identifiable through Defendant's records. These individuals may readily be notified of this action

and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating

their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs

under the FLSA.

## COUNT ONE

### (Violations of Fair Labor Standards Act)

59.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in and after clocking out each day violated the FLSA, 29 U.S.C. § 207, 29 C.F.R.§ 785.24.

61.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

62.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

63.     Defendant's actions and/or omissions were not in good faith.

64.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

65.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

66.     WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this

Honorable Court:

a.     Issue an order permitting this litigation to proceed as a collective action;

b.     Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all putative collective members that this litigation is pending and that they have the right to "opt in" to this litigation;

c.     Award Plaintiff and the putative collective she seeks to represent actual damages for unpaid wages;

d.     Award Plaintiff and the putative collective she seeks to represent statutory liquidated damages;

e.     Award Plaintiff and the putative collective she seeks to represent pre- and post-judgment interest at the statutory rate;

f.     Award Plaintiff and the putative collective she seeks to represent attorneys' fees, costs, and disbursements; and

g.     Award Plaintiff and the putative collective she seeks to represent further and additional relief as this Court deems just and proper.

## JURY DEMAND

67.     Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED.R.CIV.P. 38(a), Plaintiff hereby demands trial by jury.

11

DATED: April 15, 2026

Respectfully submitted,

/s/ *Ryan M. Furniss*

Ryan M. Furniss
The Furniss Law Firm, LLC
1423 S. Big Bend Blvd.
St. Louis, MO 63117
Telephone: (314) 899-9101
Facsimile:  (314) 627-5891
ryan@furnisslaw.com

Matthew S. Grimsley
(*pro hac vice application forthcoming*)
Anthony J. Lazzaro, Esq.
(*pro hac vice application forthcoming*)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, OH 44022
Telephone: (216) 696-5000
Facsimile: (216) 696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com

ATTORNEYS FOR PLAINTIFF